# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| LUTHER MITCHELL JR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-00677 |
| ACCOUNT CONTROL TECHNOLOGY, INC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Luther Mitchell Jr. ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of Account Control Technology, Inc. ("Defendant" or "ACT") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the actions or omissions giving rise to the claims occurred in the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a California corporation that provides consultative debt recovery, accounts receivable management, and other business process outsourcing (solutions for businesses and organizations. ACT's principal place of business is 21700 Oxnard Street, Suite 1400, Woodland Hills, California 91367. ACT's registered agent is CT Corporation System and is located at 818 W Seventh Street, Suite 930, Los Angeles, California 90017.

## FACTS SUPPORTING CAUSE OF ACTION

6. In or around late August 2017, Plaintiff began receiving calls on his cellular phone, (414) XXX-5767, from ACT offering to help repair his house.

7. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 5767. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

8. Immediately after the calls began, Plaintiff answered the phone and advised Defendant that he in fact does not own a home, and thus will not be requiring any home repairs.

9. Although Plaintiff informed ACT that he did not own a home and asked that he be removed from the call list, ACT continued to call Plaintiff offering a home repair service.

10. Almost every time Plaintiff answered a call from ACT he would request that they stop calling him. He also informed him that he did not own a home and would not be needing their services.

11. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 104 harassing phone calls to Plaintiff's cellular phone between late August 2017 and now.

12. Plaintiff requested that Defendant cease placing calls to his cellular phone on no less than 5 separate occasions.

13. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

15. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling several times in one day.

17. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection and telemarketing industries to contact consumers.

## DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that

3

accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

20. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls. As Plaintiff has to answer his phone at all times during work this was particularly harmful.

21. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

26. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The

4

hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

27. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

28. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

29. Defendant violated the TCPA by placing no less than 104 phone calls to Plaintiff's cellular phone since late August 2017 using an ATDS without his consent.

30. Any prior consent, if any, was revoked by Plaintiff's multiple verbal revocations. As pled above, Plaintiff verbally revoked consent to be called on his cellular phone on at least 5 separate occasions in the phone calls he answered.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, sureties, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, LUTHER MITCHELL JR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 30, 2018                                          Respectfully Submitted,

/s/ Marwan R. Daher                                            /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                          Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                        *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                                        Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200                                 2500 S Highland Ave, Suite 200
Lombard, IL 60148                                              Lombard, IL 60148
Telephone: (630) 537-1770                                      Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                         osulaiman@sulaimanlaw.com